Rodríguez Hermanos, Recurrentes, *v.* El Registrador de San Juan, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegatoria de la inscripción de una escritura particional.

No. 484.—Resuelto en julio 29, 1921.

Partición de Herencia—Contadores Designados *in Solidum*—Capacidad del Contador Partidor.—La partición de herencia llevada a cabo por dos contadores partidores nombrados *in solidum* por la testadora no es nula *per se* por el hecho de que uno de los contadores fuera heredero. Si dicha partición fuera anulable la declaración de nulidad correspondería a una corte de justicia a instancia de parte interesada, pero no al registrador.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. I. Hernández.*

El registrador recurrido compareció por escrito.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Muerta María Ignacia Vega en 25 de septiembre de 1900 bajo testamento otorgado en 10 de marzo de 1898 se practicaron en noviembre de 1901 por los contadores que ella nombró las operaciones divisorias de sus bienes, las cuales fueron aprobadas judicialmente a petición de los interesados formulada de acuerdo con el artículo 1079 del Código de Enjuiciamiento Civil entonces vigente.

Fueron presentadas en el Registro de la Propiedad de San Juan, Sección Primera, dichas operaciones divisorias para la inscripción de las participaciones dominicales que en cierta finca rústica se habían adjudicado a los herederos Guadalupe Hernández Vega, Agustina Hernández Vega y Mariano Rodríguez Carrasquillo, y el registrador por medio de nota de 20 de septiembre de 1920 denegó la inscripción solicitada en los siguientes términos:

"Denegada la inscripción del precedente documento porque la partición hecha por los contadores entre los que figura don Juan José Rodríguez Vega quien también es heredero, es nula con arreglo al

artículo 1057 del Código Civil Español, nulidad que no desaparece por la aprobación judicial que ha recaído, y sin que pueda tomarse como una formal ratificación por los interesados el hecho de haber firmado la solicitud para dicha aprobación, según se expresa en el auto, unos por sí y otros por sus representantes legales habiéndose tomado en su lugar anotación preventiva por el término legal.''

No estamos conformes con la nota transcrita.

Ciertamente que María Ignacia Vega en la cláusula décima de su testamento nombró por sus albaceas testamentarios, contadores y partidores con la cualidad de *in solidum* a su hijo Juan José Rodríguez y a su yerno José González Cruz, los cuales practicaron las operaciones divisorias de que se trata. Y también el artículo 1057 del Código Civil Español idéntico al artículo 1024 del Código Revisado, establece que ''el testador podrá encomendar por acto *inter vivos o mortis causa* para después de su muerte la simple facultad de hacer la partición a cualquiera persona que no sea uno de los coherederos.'' Pero en el presente caso debe tenerse en cuenta que los contadores fueron nombrados en calidad de *in solidum,* pudiendo por tanto cualquiera de ellos sin intervención del otro haber llevado a cabo la comisión dada por la testadora.

No vemos como la intervención en la partición del heredero incapacitado para el cargo de contador pueda anular *per se* y necesariamente dicha partición. Esta, a lo sumo, podría ser anulable, pero en procedimiento seguido en una corte de justicia a instancia de parte interesada.

Es de revocarse la nota recurrida y ordenarse la inscripción denegada.

> *Revocada la nota recurrida y ordenada la inscripción.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison disintió.